UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE A. JOHNSON,

                Plaintiff,

-against-

CYRUS R. VANCE, JR., DISTRICT ATTORNEY; MS. WALTON, ASSISTANT DISTRICT ATTORNEY; UNKNOWN, ASSISTANT DISTRICT ATTORNEY NEW YORK COUNTY,

                Defendants.

19-CV-7036 (CM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner at Orleans Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP while a prisoner.[1] *See Johnson v.*

---

[1] According to public records of the New York State Department of Corrections and Community Supervision (DOCCS), Plaintiff was incarcerated in DOCCS custody under numbers

*Annucci*, No. 18-118, 2018 WL 3454959 (2d Cir. July 12, 2018) (dismissing appeal from civil rights complaint, filed while plaintiff was a prisoner in Attica Correctional Facility, on the ground that the appeal "'lacks an arguable basis either in law or in fact.' *Pillay v. I.N.S.*, 45 F.3d 14, 16 (2d Cir. 1995)"); *Johnson v. Annucci*, ECF 6:18-CV-6247 (CJS) (W.D.N.Y Sept. 17, 2018) (dismissing with prejudice for failure to state a claim plaintiff's amended prisoner civil rights complaint, which alleged that DOCCS violated his religious rights in appointing an Imam); *Johnson v. Westchester Cnty Clerk's Office*, No. 94-CV-8060 (DC), 1996 WL 154105 (S.D.N.Y. Apr. 3, 1996) (dismissing as time-barred plaintiff's complaint, filed while a prisoner at Attica Correctional Facility, against clerk for failure to locate sentencing transcript).[2] Because Plaintiff is barred under § 1915(g) unless he is "under imminent danger of serious physical injury," plaintiff must prepay the filing fees for this action.

Plaintiff does not allege any facts in the complaint suggesting that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff alleges that prosecutors violated his rights in connection with his grand jury and criminal proceedings. The imminent-danger exception therefore does not apply.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

---

13-R-2584 and 81-A-5811.

[2] Dismissals pre-dating the enactment of the "three strikes" provision of the Prisoner Litigation Reform Act count as strikes. *See, e.g., Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (per curiam).

[3] An imminent danger must not have "dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[4]

## CONCLUSION

The Clerk of Court is directed to assign this case to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[4] Plaintiff is not barred from filing a new case by prepaying the filing fee.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 29, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge